UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VOICESTREAM PCS II CORPORATION, )
d/b/a T-Mobile, )
 )
               Plaintiff, )
 )
    v. ) No. 4:04CV732 FRB
 )
THE CITY OF ST. LOUIS, MISSOURI, )
 )
              Defendant. )

## **MEMORANDUM AND ORDER**

       Presently pending before the Court is defendant City of St. Louis, Missouri's Motion for Stay of Enforcement of Judgment (filed August 4, 2005/Docket No. 27), and plaintiff's response thereto. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

       Plaintiff Voicestream PCS II Corporation, d/b/a T-Mobile (T-Mobile), commenced this cause of action in this Court on June 14, 2004, alleging that the manner and method by which defendant City of St. Louis, Missouri (City), prohibited plaintiff's ability to install a communications facility on a proposed site (the Church site) considered by plaintiff necessary to provide complete personal wireless service in and around the St. Louis area, violated the Telecommunications Act of 1996 (TCA), 47 U.S.C. §§ 332, et seq. On February 28, 2005, the parties, through counsel,

appeared before the Court and announced that they had agreed to submit the matter to the Court on a Joint Stipulation of Facts for Final Determination, upon which, the parties averred, the Court could enter Judgment. The parties also submitted to the Court a proposed Judgment, Order and Decree, requested by the parties to be entered upon the Court's review of the Joint Stipulation of Facts. With leave of Court, the parties filed a Revised Stipulation of Facts for Final Determination on April 20, 2005, as well as a separate proposed Judgment, Order and Decree.

On August 3, 2005, the undersigned entered a Memorandum Opinion and Order in which Findings of Fact and Conclusions of Law were made. On the evidence contained in the submitted record, it was the determination of this Court that the City had failed to meet its burden of showing that substantial evidence supported its decision to deny T-Mobile's request to construct a wireless facility on the Church site and that, thereby, the City violated the TCA in making its adverse decision. The Court further determined that injunctive relief was appropriate and directed the City to grant T-Mobile the permits necessary to allow installation of its proposed communications facility on the Church site. Judgment on the Court's findings and conclusions was entered that same date and, in a separate Order for Permanent Injunction, the City was ordered to issue such permits within thirty (30) days.

On August 4, 2005, the City filed the instant Motion to

Stay Enforcement of Judgment, averring that it intended to work with the plaintiff to locate an alternate site for its communications facility, and, if such an alternate site were agreed upon, that the City would thereafter request the Court to amend its Judgment to reflect the new site for the facility. T-Mobile opposes the City's request, arguing particularly that it had previously determined the Church site to be the optimal location for its communications facility; that it had begun its application process with the City in November 2003 for the construction of the facility on the Church site; that it appropriately exhausted the administrative process with the City before commencing the instant litigation in June 2004; and that any delay in implementing the Court's Judgment would run counter to the TCA's directive that the review process of a government's denial of a request to locate wireless facilities be expeditious. Plaintiff's arguments are well taken.

The TCA requires local governments to act on requests for authorization to locate wireless facilities "within a reasonable period of time," 47 U.S.C. § 332(c)(7)(B)(ii), and provides an expedited review process in the event a request is denied, 47 U.S.C. § 332(c)(7)(B)(v). As set out in this Court's Memorandum Opinion and Order, T-Mobile commenced its application process with the City in November 2003 and, upon the City's final decision in May 2004 to deny T-Mobile's request, T-Mobile immediately commenced

the instant cause of action in this Court. Nearly eight months after the matter was at issue, the parties presented to the Court a *Joint* Stipulation of Facts upon which the parties *agreed* that the Court could enter its conclusions and an appropriate Judgment. The parties thereafter submitted to the Court a Revised Joint Stipulation of Facts, the submission of which was accompanied by representations to the Court that such Stipulation was made pursuant to a *settlement* entered into between the City and T-Mobile. (Status Conference, Open Court, Apr. 21, 2005.) It was this Revised Joint Stipulation of Facts and the record submitted by the parties upon which this Court entered its Findings, Conclusions and Judgment on August 3, 2005.

At the time of entry of Judgment, nearly twenty-one months had passed since T-Mobile made its first application to the City for permits to construct its communications facility, and the cause had been pending before this Court for over thirteen months. The matter was determined on a record and factual stipulations submitted by the parties as agreed to by them. Given the passage of time and the parties' previous representations to the Court of their apparent *agreement* to submit the matter on the stipulated record, the undersigned is disinclined to delay the enforcement of its Judgment upon the City's bare assertion now that it "inten[ds] to work with plaintiff in this matter to locate an alternate site." (Deft.'s Mot. for Stay/Docket No. 27.) Any such efforts to reach

an alternative agreement could have been previously made given the time during which this contested issue remained live.

In its opposition to the instant motion, plaintiff T-Mobile expresses its willingness to discuss alternative locations for the placement of the proposed personal wireless service facilities, but not at the expense of staying this Court's Judgment. For the reasons set out above, and in the circumstances of this cause, the undersigned agrees that enforcement of this Court's Judgment and Order of Permanent Injunction should not be stayed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of St. Louis, Missouri's Motion for Stay of Enforcement of Judgment (Docket No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that this Court's Judgment (Docket No. 25) and Order for Permanent Injunction (Docket No. 24), both entered August 3, 2005, remain in full force and effect.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _26th_  day of August, 2005.